# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDALIA RODRIGUEZ and JUAN ALCALA, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN MESQUITE MINES, INC., et al.,<br><br>Defendants. | CASE NO. 11cv330-MMA (POR)<br><br>**ORDER RE: PLAINTIFFS' REQUEST FOR ENHANCEMENT AWARD & DEFENDANTS' REQUEST FOR ENFORCEMENT OF TERMS OF SETTLEMENT** |

Plaintiffs Medalia Rodriguez and Juan Alcala filed this class action against their former employers, Defendants Western Mesquite Mines, Inc. and New Gold, Inc., alleging various violations of California's Labor Code. Plaintiffs represent a class including current and former non-exempt hourly employees of Defendants. On September 30, 2011, the parties filed a joint motion for preliminary approval of a settlement of this action, which the Court granted on November 15, 2011. *See* Doc. Nos. 23, 25. On April 2, 2012, the Court entered final approval of the settlement and granted Plaintiffs' unopposed motion for attorneys fees and costs. *See* Doc. Nos. 34, 35. The sole issue remaining before the Court for resolution is whether Plaintiffs should receive a class representative enhancement award of $5000 each.

///

///

# DISCUSSION

Plaintiffs request an enhancement award in the amount of $5000 each, as commemorated in the Stipulation of Settlement and Release signed by all parties on September 30, 2011. *See* Doc. No. 23-2. Defendants agreed to this award, and did not oppose Plaintiffs' motion for approval of the award. *See* Doc. No. 27.

After assessing the reasonableness of the proposed enhancement award under the factors set forth in *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995), the Court tentatively ruled that Plaintiffs are deserving of the award based on its finding that they were actively involved in the preparation and prosecution of this litigation.[1] For example, they participated in the discovery process by providing information and documents to their counsel, met with counsel to review documents and discuss the status of the litigation, participated in the private mediation of this action; provided deposition testimony, and prepared declarations. Both Plaintiffs appear to have taken the responsibility of being class representatives seriously, and each diligently pursued his/her claims against Defendants on behalf of themselves and all other persons similarly situated. No class member opposed the enhancement award, and the award is modest.

During the March 19, 2012 hearing on final approval of the proposed settlement, Defendants asked the Court to reconsider its tentative ruling regarding the propriety of a $5000 enhancement award for each Plaintiff. According to Defendants, Plaintiffs have refused to release all claims against Defendants arising out of their previous employment, and instead both have brought separate actions against Defendants on employment claims arising out of their terminations that pre-date this litigation and the parties' related settlement agreements. As a result, Defendants request that the Court order Plaintiffs to comply with the terms of the settlement requiring that Plaintiffs release Defendants from those claims and take the necessary actions to dismiss the other lawsuits.

---

[1] A number of district courts in the Ninth Circuit have adopted the five-factor test set forth in *Van Vranken*, 901 F. Supp. at 299, which analyzes: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., Carter v. Anderson Merchs., LP*, 2010 U.S. Dist. LEXIS 55629, 14-15 (C.D. Cal. May 11, 2010); *Williams v. Costco Wholesale Corp.*, 2010 U.S. Dist. LEXIS 67731, 19 (S.D. Cal. July 7, 2010).

1  Alternatively, Defendants urge the Court to reduce Plaintiffs' enhancement award by an appropriate
2  amount.

3  Pursuant to paragraph 17 of the final approval order, "the Court retains jurisdiction of all
4  matters relating to the interpretation, administration, implementation, effectuation, and enforcement
5  of this order and the Settlement." *See* Doc. No. 35; s*ee also Callie v. Near*, 829 F.2d 888, 890 (9th
6  Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an
7  agreement to settle a case pending before it."). To be enforceable, a settlement must meet two
8  requirements. First, it must be a complete agreement. *Callie*, 829 F.2d at 890-91. Second, both
9  parties must have either agreed to the terms of the settlement or authorized their respective counsel
10 to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977). The
11 settlement agreement in this case meets both requirements. Upon breach of a settlement agreement,
12 the Court may award damages or compel specific performance, as appropriate. *TNT Marketing, Inc.*
13 *v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986), citing *Village of Kaktovik v. Watt*, 689 F.2d 222, 230,
14 223 U.S. App. D.C. 39 (D.C. Cir. 1982).

15 The September 30, 2011 Stipulation of Settlement and Release speaks for itself, and provides
16 in pertinent part:

17  As a condition of receipt of the service payment [i.e., enhancement award], each of the
    Plaintiffs shall execute a general release of all known and unknown claims she/he may
18  have against Defendant and its parents, subsidiaries and affiliated corporations, and the
    predecessors and successors and all current and former directors, officers and
19  employees of all such entities, based on her/his employment with the Defendant.

20 *See Stipulation* ¶ 11(f). These terms are not unusual. Enhancement awards often are premised in
21 part on class representatives agreeing to a general release of their claims against the defendant. *See,*
22 *e.g., Sandoval v. Tharaldson Emple. Mgmt.*, 2010 U.S. Dist. LEXIS 69799, at 23-24 (C.D. Cal. June
23 15, 2010) (approving enhancement award for class representative where "the full general release of
24 her claims . . . is 'much broader' than the Class Members' 'Released Claims' in the Settlement");
25 *Ortiz v. Home Depot U.S.A., Inc*., 2012 U.S. Dist. LEXIS 13009, 3-4 (N.D. Cal. Feb. 2, 2012)
26 (approving enhancement award for class representatives who agreed to release all their claims
27 against Home Depot in a broader release than the release for the class); *Brooks v. Williams Tank*
28 *Lines*, 2011 U.S. Dist. LEXIS 51982, 26 (N.D. Cal. May 13, 2011) (preliminarily approving

1 enhancement award for class representative where he "signed a broader release than the one
2 applicable to all other class members."). By refusing to execute a "general release of all known and
3 unknown claims" against Defendants "based on her/his employment with the Defendant," and
4 actively pursuing such claims against Defendants via separate litigation, Plaintiffs have failed to
5 perform a "condition of receipt" of the enhancement award.

6     Plaintiffs assert that the enhancement award "is not conditioned upon the Class
7 Representatives signing separate releases."[2] *See Pl's Supp. Brief*, 2. Yet the terms stated above in
8 paragraph 11(f) of the Stipulation are plain, clear, and unambiguous. Furthermore, the Stipulation
9 makes clear that the *amount* of the enhancement award would be set at the Court's discretion – not
10 the actual receipt of the award. *See Stipulation* ¶ 11(f). The parties chose to contract the terms upon
11 which receipt of the award would be based. Thus, Plaintiffs' contention that "the decision as to
12 whether, or not, to award incentive fees to the Class Representatives the fees lies entirely within the
13 discretion of this court" is without merit. *See Pl's Supp. Brief*, at 2.

### CONCLUSION

15 Based on the foregoing, the Court concludes that a $5000 enhancement award for Plaintiffs
16 is reasonable in this case. However, Plaintiffs agreed to be bound by the terms of the September 30,
17 2011 Stipulation of Settlement and Release, which has now been approved and finalized by the
18 Court. Accordingly, Plaintiffs shall be entitled to receipt of a $5000 enhancement award upon the
19 execution of a general release of claims as set forth in paragraph 11(f) of the September 30, 2011
20 Stipulation.

21 **IT IS SO ORDERED**.

22 DATE: April 6, 2012

23                                       HON. MICHAEL M. ANELLO
                                      United States District Judge

---

[2] The Court notes that while Plaintiffs cite multiple documents in their supplemental brief to support this position, including the July 2011 Memorandum of Agreement and various court filings, they fail to cite, or even acknowledge, paragraph 11(f) of the Stipulation of Settlement and Release. In addition, the email exchange between counsel quoted at length by Plaintiffs is inapposite to the current dispute, as the exchange concerned paragraphs 14 and 15 of the Stipulation, dealing with the release of claims by the Class Members. Paragraph 11(f), by contrast, provides for the release of claims by the Class Representatives/Plaintiffs.